The judgment of the court was pronounced by
Eustis, C. J.
This is anactioninstituted by the husband and wife against the defendant for $15,000 damages from injuries sustained by the wife from her having been thrown from the defendants’ car when under way. It appears, that on the 12th of September, 1849, when the locomotive was going very fast on the Mexican Gulf Railway, near Proefarr’s landing, one of the cars was thrown off the track and broke down. Several of the passengers were wounded and seriously injured; the wife, one of the plaintiffs, had her leg broken in the shock, and was confined to her bed for four months in consequence of the fracture. The case was submitted to a jury who rendered a verdict for the plaintiffs in the sum of $4000; judgment was rendered accordingly, and the defendants have appealed.
The plaintiffs’ suit is founded on the allegation of negligence, want of skill and imprudence of persons in the service of the company; and it is contended, that this general allegation is limited by the cause of the accident, which is assigned in the petition, which is, that the company had placed many cords of wood so near the rails, and had so badly piled said wood that the action of the locomotive in passing caused the same to fall, and to fall upon the road. It is certain, that the accident happened at the wood pile, and the probability is that it was caused by the falling of a log of wood on the track.
Admitting that some uncertainty exists on this subject, and the testimony of the witnesses is conflicting, we cannot disturb the verdict of a jury on that account. The cause of accidents of this kind is often difficult to be ascertained with pi’ecision, but the plaintiffs in this case have proved, that she was a passen *705 gar in the cars; she has proved the accident and great bodily injury to herself; she has designated a cause, which she was not bound in law to do, and which her case was weakened by stating; and the verdict of the jury on contradictory testimony has affirmed her allegations. Mrs. Carmanty,at the time of the accident was a teacher in one of the public schools of this city. ¡Her salary was $60 per month; and, though her means were limited, she -was very much esteemed and respected in her vocation. She suffered a great deal from the injury and from her confinement. The estimate of the value of the services of the surgeons, in consideration of the position of Mrs. Carmanty, is rated at $250 in the testimony; but were she wealthy the charge iwadld be double. :'$100 was considered a fair estimate-.of the ¡cost mf ¡medicines, nurses, and apparatus. The fractured limb will always'be more ordess attended \with pain after much exercise and a,change.of \weather,.and it-,will take twoyears'before.-sheican use it as welhastthe-olher.
Under'tliese circumstances the jury assessed the damages at-1$d0G0, which we are called upon to reduce as being excessive. Notwithstanding our control over the verdicts of juries in cases of this kind, and our disposition not to allow excessive damages in any case to be exacted, we are at a loss in'this instance for a principle on which the amount of the damages can be reduced. ’Every case of this kind must depend on its merits; and we cannot undertake to say that the jury has exceeded that discretion in the allowance of a 'Compensation to the plaintiff for her grievous injury, which the law empowers them’to exercise, and which they have exercised under the responsibility of their oaths, and which the judge of the first instance has sanctioned.
The judgment of the district court is therefore affirmed, -with costs.